ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Peticionario<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Recurridos | TA2025AP00665 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2025CV03212<br><br>Sobre:<br>Violación de derechos civiles |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece, *in forma pauperis*[1] y por derecho propio, el señor Eliezer Santana Báez (señor Santana Báez o apelante), y nos solicita revisar una *Sentencia Parcial* emitida el 15 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[2] En esta, el foro primario desestimó con perjuicio la acción contra el Estado Libre Asociado de Puerto Rico (ELA o apelado) por no exponer una reclamación que justificara la concesión de un remedio.

Por los fundamentos que se exponen a continuación, se confirma el dictamen apelado.

Se prescinde de la comparecencia de las partes con interés, a fin de lograr un despacho justo y eficiente. Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**I.**

Este caso se originó el 2 de junio de 2025, cuando el señor Santana Báez presentó una *Demanda* por daños y perjuicios contra

---

[1] El apelante, bajo custodia del Departamento de Corrección y Rehabilitación (DCR), presentó debidamente una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* por lo que se le autoriza a litigar *in forma pauperis.*
[2] Entrada Núm. 36 del caso BY2025CV03212. Notificada el 5 de noviembre de 2025.

el ELA, el DCR, LUMA Energy, Genera PR, entre otros.[3] Alegó que, como consecuencia de un apagón ocurrido entre los días 16 y 17 de abril de 2025, permaneció sin servicio eléctrico por veintidós (22) horas, lo que le privó de ventilación y provocó una exacerbación en su salud cardiaca. Sostuvo, además, que el Anexo 292 de la institución carecía de planta eléctrica.

Tras varios trámites procesales, el 3 de octubre de 2025, LUMA Energy solicitó la desestimación de la *Demanda*, al aducir que el Negociado de Energía Eléctrica le concedió un relevo de responsabilidad contra estos daños.[4] Ante ello, el 5 de octubre de 2025, el TPI le concedió al señor Santana Báez un término de veinte (20) días para expresarse al respecto.[5]

Posteriormente, el 14 de octubre de 2025, el ELA, por sí y en representación del DCR, presentó una solicitud de desestimación al indicar que la institución Máxima Seguridad 292 de Bayamón contaba con un generador eléctrico en pleno funcionamiento durante el apagón entre los días 16 al 18 de abril del año en curso.[6] Planteó que cualquier reclamación relacionada a la interrupción del servicio eléctrico debía dirigirse contra LUMA Energy o Genera PR, corporaciones independientes que proveen el servicio eléctrico.

El 4 de noviembre de 2025, el foro inferior le concedió al apelante un término final de cinco (5) días para exponer su petición respecto a la solicitud de desestimación de LUMA Energy.[7]

Eventualmente, el 15 de octubre de 2025, el tribunal apelado presentó una *Sentencia Parcial* que se notificó el 5 de noviembre de 2025, mediante la cual desestimó con perjuicio la acción contra el ELA.[8] Ello, al concluir que de las alegaciones se desprendió que la

---

[3] *Íd.*, Entrada Núm. 1 en SUMAC.
[4] *Íd.*, Entrada Núm. 26 en SUMAC.
[5] *Íd.*, Entrada Núm. 28 en SUMAC. Notificada el 6 de octubre de 2025.
[6] *Íd.*, Entrada Núm. 29 en SUMAC.
[7] *Íd.*, Entrada Núm. 35 en SUMAC. Notificada el 5 de noviembre de 2025.
[8] *Íd.*, Entrada Núm. 36 en SUMAC.

causa de acción surgió a raíz de la falta de servicio eléctrico, y la institución Máxima Seguridad 292 de Bayamón tenía generador eléctrico que estaba en pleno uso en las fechas pertinentes.

Inconforme, el 4 de diciembre de 2025, el señor Santana Báez presentó un recurso ante nos, en el que señaló como error:

> Erró el TPI al ordenar el archivo de este caso civil, sin permitirme tener mi día en corte, sin permitirme descubrir la prueba que me permite probar mi caso y para arribar a ese resultado hacerlo [impidiéndome] ejercer mi derecho a defenderme de la otra parte, [quitándome] el derecho a la réplica que la corte me había otorgado, actuando así de manera arbitraria e irrazonable.

En esencia, el apelante sostuvo que el 4 de noviembre de 2025 el TPI le concedió un término de cinco (5) días para exponer su posición, aun cuando el 15 de octubre de 2025 había emitido un dictamen desestimatorio a favor del ELA. Por ello, esgrimió que el foro primario violó su propia orden, ya que no consideró su alegato.

## II.

### A. Desestimación

La Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), permite desestimar una demanda cuando deja de exponer una reclamación que justifique la concesión de un remedio. Al evaluar una moción bajo dicha regla, el tribunal debe dar por ciertos los hechos bien alegados, interpretarlos liberalmente y de la forma más favorable a la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409 (2008).

Procede la desestimación si, aun tomando los hechos como ciertos y resolviendo toda duda a favor de la parte demandante, la demanda resulta insuficiente para constituir una reclamación válida. *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811 (2013); *Colón v. San Patricio Corp.,* 81 DPR 242 (1959). Es decir, el promovente debe demostrar que, aun presumiendo la veracidad de las alegaciones, no existe base para conceder un remedio. *Pressure Vessels v. Empire Gas,* 137 DPR 497 (1994).

**III.**

En el presente caso, el apelante alega que el TPI erró al desestimar la acción presentada en contra del ELA sin permitirle tener su día en corte, al resolver el caso sin considerar una expresión que, según sostiene, le había sido autorizada por el foro primario.

Tras evaluar sosegadamente la totalidad del expediente del caso, concluimos que el apelante no tiene la razón.

Del expediente surgió con claridad que los términos concedidos al apelante para expresarse estuvieron dirigidos exclusivamente a la moción de desestimación presentada por LUMA Energy, una entidad jurídica privada distinta e independiente del ELA y del DCR. Se trató, por tanto, de mociones diferentes, promovidas por partes separadas y sustentadas en fundamentos jurídicos distintos. La *Sentencia Parcial* apelada respondió a la solicitud de desestimación presentada por el ELA, por sí y en representación del DCR, la cual fue evaluada de manera independiente por el foro *a quo*.

El término de veinte (20) días concedido el 5 de octubre de 2025 y el término final de cinco (5) días otorgado el 4 de noviembre de 2025 tenían como único propósito permitirle al apelante expresarse respecto a la moción de LUMA Energy, sin que dichos términos guardaran relación alguna con la solicitud de desestimación posteriormente presentada por el ELA. Esta última se fundamentó en que la institución Máxima Seguridad 292 de Bayamón contaba con un generador eléctrico en pleno funcionamiento durante el apagón, según concluyera tras considerar la comparecencia del ELA y la documentación anejada.

Cabe señalar que, aun interpretando los hechos de la forma más favorable al apelante, la *Demanda* resultó insuficiente para constituir una reclamación válida que justificara la concesión de un remedio contra el ELA, por lo que procedía su desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* R. 10.2 (5).

La desestimación decretada fue parcial y limitada al ELA, sin implicar el archivo total del pleito ni la privación del apelante a continuar su reclamación frente a los demás demandados. En consecuencia, no se menoscabaron sus derechos procesales ni se configuró una violación al debido proceso de ley.  Esto pues las órdenes y términos concedidos al señor Santana Báez, para que se expresara sobre la solicitud presentada por LUMA Energy, en nada incidieron ni impedían que el TPI considerada y dispusiera los asuntos en cuanto a la causa de acción instada contra el ELA.

Por todo lo anterior, concluimos que el TPI no incurrió en el error alegado de adjudicar una moción previo a transcurrir el término con el que contaba el apelante para expresarse. En consecuencia, se confirma la *Sentencia Parcial* apelada.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* apelada.

Se ordena al DCR entregar copia del presente dictamen al señor Santana Báez en cualquier institución donde se encuentre.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones